[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15693
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81405-DMM


EDWARDS, CDS, LLC,
CDS DELRAY REDEVELOPMENT, LLC,
EDWARDS ATLANTIC AVENUE, LLC,
CDR ATLANTIC PLAZA, LTD.,

                                                    Plaintiffs - Appellants,

versus

CITY OF DELRAY BEACH, a municipal corporation,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Edwards, CDS, LLC; CDS Delray Development, LLC; Edwards Atlantic Avenue, LLC; and CDR Atlantic Plaza, LTD., seek to develop land in the City of Delray Beach.  Confronted with delays in the City's process for approving land-development projects, the Developers filed a complaint against the City raising, among other claims, an unconstitutional conditions claim under the Fifth Amendment and a substantive due process claim under the Fourteenth Amendment.  The district court dismissed the claims at the pleadings stage, and this appeal followed.  After careful consideration of the record and the parties' briefs, we affirm.

I

We review de novo a dismissal at the pleadings stage, "accepting all allegations in the complaint as true and construing those allegations in the light most favorable to the plaintiff."  *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997).  To survive the pleadings stage, "a complaint need only present sufficient facts, accepted as true, to state a claim to relief that is plausible on its face."  *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016) (internal quotation marks omitted).  "The complaint must raise a right to relief above the speculative level, but it need not contain detailed factual allegations."  *Id.* at 1244 (internal quotation marks omitted).

2

II

The district court did not err in dismissing the Developers' unconstitutional conditions claim. The unconstitutional conditions doctrine "prevent[s] the government from coercing people into giving" up their property rights. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. ___, ___, 133 S. Ct. 2586, 2594 (2013). The doctrine is implicated when the government approves a land-development project "on the condition that the applicant turn over property" or denies the project "because the applicant refuses to do so." *See id.* at ___, 133 S. Ct. at 2595. The Developers assert that the City has conditioned approval of their land-development project on their compliance with two extortionate demands: (1) reconveyance of two alleyways to the City and (2) the creation of a two-way roadway on part of the land. However, the Developers' complaint does not support a plausible inference that the City has actually imposed these conditions.

First, the complaint does not support an inference that the City has demanded reconveyance of the alleyways as a condition of approval. The complaint, taken in the light most favorable to the Developers, establishes that the City conveyed the alleyways to the Developers; a contractual dispute about the conveyance has arisen between the Developers and the City; the City asserts that it is entitled to reconveyance because of the dispute; and the City has pointed to the dispute as a barrier to approval because the dispute has led to uncertainty

3

concerning the proper ownership of the Developers' land.  Although these facts establish that the City is seeking reconveyance, they do not support an inference that the City, attempting to coerce the Developers into reconveyance, has made reconveyance a condition of approval.  Based on the complaint, the City is not using the approval process to "pressure [the Developers] into voluntarily giving" up the alleyways.  *See id.* at ___, 133 S. Ct. at 2594.  Rather, the City has a legal claim to the alleyways that is affecting the approval process.  And as the district court concluded, "the fact that the City is alleging an ownership interest in the alley[ways] does not turn an apparent contractual dispute into a constitutional violation."  *Edwards, CDC, LLC v. City of Delray Beach*, No. 15-81405, slip op. at 18 (S.D. Fla. July 26, 2016).

Second, the complaint does not support an inference that the City has demanded creation of a two-way road as a condition of approval.  Even taking the complaint's allegations in the light most favorable to the Developers, the complaint at most establishes that the City has considered requiring the creation of a two-way road.  The complaint does not establish that the City has actually decided to impose such a condition.

## III

The district court also did not err in dismissing the Developers' substantive due process claim.  The Developers assert that the City's delay in allowing their

4

land-development project is a substantive due process violation because they have state-created property rights in a permit allowing the project.[1]  But "there is generally no substantive due process protection for state-created property rights" unless "a person's state-created rights are infringed by a legislative act," and the Developers' complaint fails to identify a legislative act by the City that has infringed their rights.  *See Kentner v. City of Sanibel*, 750 F.3d 1274, 1279 (11th Cir. 2014) (internal quotation marks omitted).

**AFFIRMED.**

---

[1] For the first time on appeal, the Developers argue that the City has infringed not only their state-created property rights but also their federal property rights.  Because the Developers did not argue before the district court that the City infringed their federal property rights, the Developers have waived such an argument.  *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284–85 (11th Cir. 2003).